# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 9-08
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

*See page 2 for instructions*

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.

☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.

☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 235 Church Street, New Haven, CT 06510 | (203) 503-6800 | 6  16, 2009  Month  Day  Year |

| | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) | Case type code *(See list on page 2)* |
|---|---|---|
| ☒ Judicial District    ☐ G.A. Number:<br>☐ Housing Session | NEW HAVEN | Major: C    Minor: 40 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Solomon and Solomon, P.C., 5 Columbia Circle, Albany NY 12203 | 421261 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| (518) 456-7200 | |

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| **First Plaintiff** | Name: ERIN CAPITAL MANAGEMENT, LLC<br>Address: 140 BROADWAY    26TH FLOOR    NEW YORK    NY 10005 | P-01 |
| **Additional Plaintiff** | Name:<br>Address: | P-02 |
| **First Defendant** | Name: CRYSTAL BRENNER<br>Address: 375 RIDGE RD    HAMDEN    CT  06517 | D-50 |
| **Additional Defendant** | Name:<br>Address: | D-51 |
| **Additional Defendant** | Name:<br>Address: | D-52 |
| **Additional Defendant** | Name:<br>Address: | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>Julie B. Solomon | Date signed<br>4-22-09 |
|---|---|---|---|

If this Summons is signed by a Clerk:

a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

*For Court Use Only*
File Date

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250

See attached certification of financial responsibility.

| Signed *(Official taking recognizance; "X" proper box)* | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Date<br>4-22-09 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for the following actions:

(a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).
(b) Summary process actions.
(c) Applications for change of name.

(d) Probate appeals.
(e) Administrative appeals.
(f) Proceedings pertaining to arbitration.
(g) Any actions or proceedings in which an attachment, garnishment or replevy is sought.

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description | Major Description | Codes Major/Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Torts (Other than Vehicular) | T 02 | Defecive Premises - Private - Snow or Ice |
| | C 10 | Construction - State and Local | | T 03 | Defecive Premises - Private - Oher |
| | C 20 | Insurance Policy | | T 11 | Defecive Premises - Public - Snow or Ice |
| | C 30 | Specific Performance | | T 12 | Defecive Premises - Public - Other |
| | C 40 | Collections | | T 20 | Products Liability - Other than Vehicular |
| | C 90 | All other | | T 28 | Malpractice - Medical |
| Eminent Domain | E 00 | State Highway Condemnation | | T 29 | Malpractice - Legal |
| | E 10 | Redevelopment Condemnaion | | T 30 | Malpractice - All other |
| | E 20 | Other State or Municipal Agencies | | T 40 | Assault and Battery |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 50 | Defamation |
| | E 90 | All other | | T 61 | Animals - Dog |
| | | | | T 69 | Animals - Other |
| Miscellaneous | M 00 | Injunction | | T 70 | False Arrest |
| | M 10 | Receivership | | T 71 | Fire Damage |
| | M 20 | Mandamus | | T 90 | All other |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 40 | Arbitration | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 50 | Declaratory Judgment | | V 05 | Motor Vehicles* - Property Damage only |
| | M 63 | Bar Discipline | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 66 | Bar Discipline - Reinstatement | | V 09 | Motor Vehicle* - All other |
| | M 68 | Bar Discipline - Inactive Status | | V 10 | Boats |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | V 20 | Airplanes |
| | M 82 | Housing Civil Matters | | V 30 | Railroads |
| | M 83 | Small Claims Transfer to Regular Docket | | V 40 | Snowmobiles |
| | M 84 | Foreign Protective Order | | V 90 | All other |
| | M 90 | All other | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Property | P 00 | Foreclosure | | | |
| | P 10 | Partition | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien | | W 90 | All other |
| | P 30 | Drug Asset Forfeiture - C.G.S. 54-36h | | | |
| | P 90 | All other | | | |

urn Date:

ket Number:

```
*************************************       SUPERIOR        COURT
N CAPITAL MANAGEMENT, LLC        *           NEW HAVEN JUDICIAL
                                 *           DISTRICT
                    Plaintiff *              04/09/09
                                 *
                                 *
'STAL BRENNER                    *
                                 *
                                 *
                                 *
                    Defendant *
*************************************
```

## CERTIFICATION AS TO PLAINTIFF'S FINANCIAL RESPONSIBILITY

I hereby cerify that I have personal knowledge that the Plaintiff
has the financial responsibility that I deem sufficient to cover any
costs that may later be taxed to the Plaintiff if it loses at trial,
pursuant to Connecticut Practice Book Sec. 8-4.

.ted: 04/09/09

Julie B. Solomon
Solomon and Solomon, P.C.
5 Columbia Circle
Albany, NY   12203
Juris No 421261
(518) 456-7200

iis is an attempt to collect a
ebt.  Any information obtained
ill be used for that purpose.
iis communication is from a debt
ollector.



## BILL OF SALE

Chase Bank USA, N.A. ("Seller"), for value received and pursuant to the terms and conditions of Credit Card Account Purchase Agreement dated January 1, 2008 between Seller and Unifund Portfolio A, LLC ("Purchaser"), its successors and assigns ("Credit Card Account Purchase Agreement"), hereby assigns effective as of the File Creation Date of February 13, 2008 all rights, title and interest of Seller in and to those certain receivables, judgments or evidences of debt described in **Exhibit 1** attached hereto and made part hereof for all purposes.

Amounts due to Seller by Purchaser in hereunder shall be paid U.S. Dollars by a wire transfer to be received by Seller on February 28, 2008 (the "Closing Date") by 2:00 p.m. Seller's time, as follows:

> Chase Bank USA, N.A
> ABA #021000021
> Beneficiary Name:  Chase Bank USA, N.A.
> Beneficiary Account: #304-256420

This Bill of Sale is executed without recourse except as stated in the Credit Card Account Purchase Agreement to which this is an Exhibit. No other representation of or warranty of title or enforceability is expressed or implied.

Chase Bank USA, N.A.

By: _____

Date: February 25, 2008

Title   Team Leader

Unifund Portfolio A, LLC

By: _____

Date: February 25, 2008

Title   Henry N. Thoman
          Vice President

## CERTIFICATION OF CORPORATE SECRETARY OF
## CHASE BANK USA, N.A.

I, Andrew Semmelman, as Secretary of Chase Bank USA, N.A., a national banking association, a wholly owned subsidiary of JPMorgan Chase & Co., do hereby certify that Banc One Corporation, an Ohio corporation, acquired First USA Bank, a bank organized under the laws of the State of Delaware, on June 27, 1997. First USA Bank converted to a national banking association, under the name "First USA Bank, N.A.," on July 1, 1998. First Chicago NBD Corporation ("First Chicago") and Banc One Corporation merged to form Bank One Corporation, a Delaware corporation, on October 2, 1998. On September 17, 1999, First USA Bank, N.A. merged with and into First Chicago's credit card bank subsidiary FCC National Bank, with the surviving bank taking the name "First USA Bank, N.A." On September 30, 2002, that bank changed its name to "Bank One, Delaware, N.A." At that time, "First USA" was registered as a "doing business as" or "d/b/a" name in many states throughout the United States of America. JPMorgan Chase & Co. ("JPMC") acquired Bank One Corporation on July 1, 2004. Bank One, Delaware, N.A. merged with and into JPMC's credit card bank subsidiary Chase Manhattan Bank USA, N.A. on October 1, 2004. Chase Manhattan Bank USA, N.A. changed its name to Chase Bank USA, N.A. on March 1, 2005.

IN WITNESS WHEREOF, I have hereunto affixed my name as Secretary, and the seal of this institution this 21st day of March, 2006, and attest that, to the best of my knowledge, this information is correct.

_____
Andrew T. Semmelman
Secretary

State of Delaware
County of New Castle

This certificate was acknowledged before me on this 21st day of March, 2006, by Andrew Semmelman as Secretary of Chase Bank USA, N.A.

_____
(Signature of notorial officer)



Unifund CCR Partners

BILL OF SALE

Unifund CCR Partners, for value received and in accordance with the terms of the Accounts Receivable Purchase Agreement by and among Unifund CCR Partners and Erin Capital Management, LLC ("Purchaser"), dated as of August 29, 2008 (the "Agreement"), does hereby sell, assign, and transfer to Purchaser all of its good and marketable title, free and clean of all liens, claims and encumbrances in and to the Accounts listed in the Account Schedule attached as Appendix A to the Agreement, without recourse and without representation or warranty of collectibility, or otherwise, except to the extent stated in the Agreement.

Executed on August 29, 2008

UNIFUND CCR PARTNERS

By: Joel Rosenthal,
Director, Sales & Marketing

For Unifund Use ONLY                    18

| Client # | PID | CID # |
|----------|-----|-------|
|          |     |       |
|          |     |       |
|          |     |       |

AFFIDAVIT

I, Joel Rosenthal, as Director of Sales and Marketing, for the Unifund Group, being duly sworn, deposes, and says:

1. Unifund CCR Partners is a New York General Partnership, and is the operating company for the Unifund Group.

2. Unifund Portfolio A, LLC is an Ohio limited liability company.

3. Unifund CCR Partners and Unifund Portfolio A, LLC share 100% common ownership.

4. Unifund Portfolio A, LLC purchased various portfolios of accounts from multiple sellers.

5. Unifund CCR Partners manages and services the portfolios of accounts owned by Unifund Portfolio A, LLC, and Unifund CCR Partners sold a portfolio of 3,368 accounts to Erin Capital Management via a Purchase Agreement and Bill of Sale dated August 29, 2008 as agent for Unifund Portfolio A, LLC.

Further Affiant Sayeth Not.

_____
Joel Rosenthal
Director of Sales and Marketing
Unifund CCR Partners

I do certify that the above sworn statement was duly taken and subscribed in my presence, this 27th day of March, 2009.

_____
Notary Public

RACHEL M BROOKS
NOTARY PUBLIC
STATE OF OHIO
Comm. Expires
March 01, 2014
Recorded In
Clermont County

STATE OF NEW YORK:

                                        AFFIDAVIT

COUNTY OF NEW YORK:


In RE:  CRYSTAL BRENNER                         Id:        559P1917
                                                Acct no:  4417128051975439


BEFORE ME, undersigned, Notary Public, authorized by law to administer oaths, personally appeared, Carl Fon, Erin Capital Management, LLC, who, after being duly sworn, says:


1.    1. Affiant is at least 18 years of age and competent to testify. Affiant has personal knowledge of the facts set forth therein;

2.    Affiant is authorized to make oath on behalf of Erin Capital Management, LLC;

3.    In the Affiant's capacity of employment, he maintains the books and records of Erin Capital Management, LLC, and knows of his own personal knowledge that said records of account transactions are kept in the ordinary course of business and that it is the corporation's regular practice to record such transaction on or about the time of the occurrence;

4.    Affiant has reviewed the books of Erin Capital Management, LLC, with respect to the indebtedness of CRYSTAL BRENNER. The books and records of Erin Capital Management, LLC reflect that as of 03/05/2009, there was an outstanding claim amount of $6,320.94;

5.    The said account originated with FIRST USA BANK NA, was, on 12/23/2008 sold, transferred and set over unto Erin Capital Management, LLC with full power and authority to do and perform all acts necessary for the collection, settlement, adjustment, compromise or satisfaction of the said claim and said account and further, Affiant states that to the best of Affiant's knowledge, information and belief there were no uncredited payments. A copy of the Statement of Account is attached hereto as Exhibit "A", which is justly due and remains unpaid.

6.    This Affidavit is given for use on the above referenced account.


          ALBERT MCCONNACH
     Notary Public, State of New York
              No. 01MC6164157
          Qualified in Kings County
     Commission Expires April 9, 2011

                                                _____
                                                        Carl Fon
                                                      (Affiant Name)


SUBSCRIBED AND SWORN TO before me, a Notary Public in and for said County and State, this 5 Day of March, 2009.

_____
       Notary Public

# EXHIBIT B

# NOTICE OF JUDGMENT AND ORDER FOR WEEKLY PAYMENTS

JD-CV-50 Rev. 10-99
P.B. § 17-23 et seq.

**INSTRUCTIONS TO CLERK**
Mail copy of this notice and order to plaintiff/plaintiff's attorney and retain the original in the court file.

**INSTRUCTIONS TO PLAINTIFF/PLAINTIFF'S ATTORNEY**
1. Complete Section I.
2. Complete "PAYABLE TO" line in Section II by filling in the name and address of the person to whom payments are to be made.
3. After notification of judgment send copy to Defendant(s) and return original to Clerk's Office with the certification below completed (Section III).

**STATE OF CONNECTICUT SUPERIOR COURT**
www.jud.ct.gov




RETJGOR

DOCKET NO.
CV-09-5028949S

## SECTION I (To be completed by Plaintiff/Plaintiff's Attorney)

[x] Judicial District  [ ] Housing Session  [ ] G.A. No. ____

ADDRESS OF COURT (No., street, town, and zip code)
235 Church Street, New Haven, CT 06510

NAME OF CASE (Plaintiff v. Defendant)
ERIN CAPITAL MANAGEMENT, LLC  v. CRYSTAL BRENNER

NAME(S) OF DEFENDANT'S AGAINST WHOM JUDGMENT WAS RENDERED
CRYSTAL BRENNER

## SECTION II - NOTICE TO ALL PARTIES (To be completed by clerk)

**The following judgment may be enforced twenty-one days after the clerk receives a certification that a copy of this notice was served on each judgment debtor (defendant).**

### JUDGMENT

After an examination of the affidavits on file, the court finds that the above-named defendant(s) is/are not in the military or naval service and that there is owed to the Plaintiff(s) the following:

1. Amount Due On Claims  $ 6,320.94
2. Interest  $ —
3. Reasonable Attorney's Fees  $ —
4. Other Lawful Charges  $ —
5. TOTAL AMOUNT OF JUDGMENT (Total of lines 1-4)  $ 6,320.94
6. Plaintiff's Costs  $ 276.80
7. TOTAL AMOUNT OF JUDGMENT AND COSTS (Total of lines 5 and 6)  $ 6,597.74

Judgment is rendered for the Plaintiff(s) to recover the Total Amount of Judgment and costs from the above-named Defendant(s). It is further ordered that the Defendant(s) against whom judgment is entered make weekly payments as follows:

**WEEKLY PAYMENTS**
AMOUNT OF WEEKLY PAYMENT $ 35.—
DATE FIRST PAYMENT DUE AUG 2 1 2009
PAYABLE TO (Name and address of person to whom payments are to be made)
Solomon and Solomon, P.C., 5 Columbia Circle, Albany Ny 12203

BY THE COURT (Name of Judge) SKOLNICK, J.T.R.
SIGNED (Judge/Assistant clerk) _____
DATE SIGNED 7/27/09

## SECTION III - CERTIFICATION OF SERVICE OF NOTICE AND JUDGMENT TO ALL PARTIES

This is to certify that a copy of this Notice and Judgment has been delivered/mailed via U.S. Mail, postage prepaid to the Defendants named below. (Enter name(s) and address(es) of Defendant(s)):

CRYSTAL BRENNER
375 RIDGE ROAD
HAMDEN, CT 06517

SIGNED (Plaintiff/Attorney for Plaintiff) _____
DATE SIGNED 7/30/09
DATE DELIVERED/MAILED 7/30/09

# EXHIBIT C



**FINANCIAL INSTITUTION EXECUTION PROCEEDINGS - JUDGMENT DEBTOR WHO IS A NATURAL PERSON, APPLICATION AND EXECUTION**

JD-CV-24 Rev. 8-06
C.G.S. §§ 52-355b, 52-367b

STATE OF CONNECTICUT
SUPERIOR COURT
www.jud.ct.gov
*(See page 2 for instructions to financial institution)*

**INSTRUCTIONS - JUDGMENT CREDITOR OR ATTORNEY**
1. Type or print legibly.
2. Complete the application section; prepare original and 2 copies.
3. Complete section 1 of the Exemption Claim Form, JD-CV-24a and attach to this form.
4. Present original and 1 copy to clerk of court. Retain a copy.

**INSTRUCTIONS - CLERK**
1. Check the file to ensure that the information provided on the application is correct.
2. Sign original execution.
3. Return original to applicant, retain a copy for file.

| ADDRESS OF COURT | JUDICIAL DISTRICT [X] HOUSING SESSION [ ] G.A. [ ] | DOCKET NO. |
|---|---|---|
| 235 Church Street, New Haven, CT 06510 | | CV-09-5028949S |

NAME AND MAILING ADDRESS OF JUDGMENT CREDITOR OR ATTORNEY *(To be completed by Judgment Creditor)*

Solomon and Solomon, P.C.
5 Columbia Circle
Albany, NY 12203

NAME(S) AND ADDRESS(ES) OF JUDGMENT CREDITOR(S)

ERIN CAPITAL MANAGEMENT, LLC
140 BROADWAY        NEW YORK        NY        10005

NAME(S) AND ADDRESS(ES) OF JUDGMENT DEBTOR(S)

CRYSTAL BRENNER
375 RIDGE RD        HAMDEN        CT        06517

| DATE OF JUDGMENT | 1. AMOUNT OF JUDGMENT *(Include, where applicable, prejudgment interest and attorney's fees)* | 2. AMOUNT OF COSTS | 3. AMOUNT OF JUDGMENT, COSTS AND FEES *(Add 1 and 2)* |
|---|---|---|---|
| 07/27/09 | $6320.94 | $276.80 | $6597.74 |

| 4. TOTAL AMOUNT PAID *(if any)* | 5. TOTAL AMOUNT UNPAID *(Subtract 4 from 3)* | 6. APPLICATION FEE FOR FINANCIAL INSTITUTION EXECUTION *(If not waived by the court)* |
|---|---|---|
| $0.00 | $6597.74 | $75.00 |

| 7. OTHER COURT ORDERED POSTJUDGMENT COSTS AND FEES | 8. TOTAL OF ITEMS 5, 6 AND 7 |
|---|---|
| | $6672.74 |

IS THIS A JUDGMENT ARISING OUT OF SERVICES RENDERED AT A HOSPITAL?
[X] NO   [ ] YES

IF THIS IS A JUDGMENT ARISING OUT OF SERVICES RENDERED AT A HOSPITAL, HAS A STAY OF A FINANCIAL INSTITUTION EXECUTION BEEN ENTERED PURSUANT TO AN INSTALLMENT PAYMENT ORDER?   [ ] NO   [ ] YES

IF A STAY OF A FINANCIAL INSTITUTION EXECUTION HAS BEEN ENTERED, HAS THE JUDGMENT DEBTOR DEFAULTED ON AN INSTALLMENT PAYMENT ORDER?   [X] NO   [ ] YES *(Specify):* _____

| SIGNED *(Judgment Creditor or Attorney)* | DATE SIGNED 10/20/09 | TELEPHONE NO. 518 456-7200 |
|---|---|---|

**FINANCIAL INSTITUTION EXECUTION**

TO ANY PROPER OFFICER,

Whereas on said Date of Judgment the above-named Judgment Creditor(s) recovered judgment against the above-named Judgment Debtor(s) before the above-named court for the amount of judgment, costs and fees stated above, as appears of record, whereof execution remains to be done. These are, therefore, BY AUTHORITY OF THE STATE OF CONNECTICUT TO COMMAND YOU:

Within seven days from your receipt of this execution, make demand upon the main office of any financial institution having its main office within your county, or if such main office is not within your county and such financial institution has one or more branch offices within your county, upon an employee of such a branch office, such employee and such branch office having been designated by the financial institution in accordance with regulations adopted by the commissioner of banking, for payment to you pursuant to section 52-367b(b) of the general statutes of any nonexempt debt due said Judgment Debtor(s), which sum shall not exceed the total unpaid judgment, costs and fees as stated above, plus post judgment interest on the unpaid amount of said judgment from its date until the time when this execution shall be satisfied, plus the application fee and other court ordered postjudgment costs and fees and your own fee. After having made such demand you are directed to serve a true and attested copy of this execution, together with the attached affidavit and exemption claim form, with your doings endorsed thereon, with the financial institution officer upon whom such demand was made. Said sum shall be received by you and applied on this execution in accordance with the provisions of section 52-367b of the general statutes. If you have made an initial demand within the seven-day period, you may make additional demands on the main office of other financial institutions or employees of other branch offices as directed herein, provided any such additional demand is made not later than forty-five days from your receipt of this execution.

HEREOF FAIL NOT, AND MAKE DUE RETURN OF THIS WRIT WITH YOUR DOINGS THEREON, ACCORDING TO LAW.

| SIGNED *(Assistant Clerk)* | DATE SIGNED |
|---|---|

For Court Use Only

Judicial District of New Haven
SUPERIOR COURT
FILED

OCT 26 2009

CHIEF CLERK'S OFFICE

# EXHIBIT D

**FINANCIAL INSTITUTION EXECUTION PROCEEDINGS – JUDGMENT DEBTOR WHO IS A NATURAL PERSON, APPLICATION AND EXECUTION**

JD-CV-24 Rev. 8-06
C.G.S. §§ 52-356b, 52-367b

**STATE OF CONNECTICUT SUPERIOR COURT**
www.jud.ct.gov
(See page 2 for instructions to financial institution)

t Date: 10/27/2009
Sa/Flle: 09279
R#4443528  * A P F E A B A *
Docket: CV09504
Receipt No: 0443e8X I S S U E
Amount: $75.00

**INSTRUCTIONS - JUDGMENT CREDITOR OR ATTORNEY**
1. Type or print legibly.
2. Complete the application section; prepare original and 2 copies.
3. Complete section 1 of the Exemption Claim Form, JD-CV-24a and attach to this form.
4. Present original and 1 copy to clerk of court. Retain a copy.

**INSTRUCTIONS - CLERK**
1. Check the file to ensure that the information provided on the application is correct.
2. Sign original execution.
3. Return original to applicant, retain a copy for file.

ADDRESS OF COURT
235 Church Street, New Haven, CT 06510

[X] JUDICIAL DISTRICT
[ ] HOUSING SESSION  [ ] G.A.

DOCKET NO.
CV-09-5028949S

NAME AND MAILING ADDRESS OF JUDGMENT CREDITOR OR ATTORNEY (To be completed by Judgment Creditor)

Solomon and Solomon, P.C.
5 Columbia Circle
Albany, NY 12203

NAME(S) AND ADDRESS(ES) OF JUDGMENT CREDITOR(S)
ERIN CAPITAL MANAGEMENT, LLC
140 BROADWAY    NEW YORK    NY    10005

NAME(S) AND ADDRESS(ES) OF JUDGMENT DEBTOR(S)
CRYSTAL BRENNER
375 RIDGE RD    HAMDEN    CT    06517

| DATE OF JUDGMENT 07/27/09 | 1. AMOUNT OF JUDGMENT (Include, where applicable, prejudgment interest and attorney's fees) $6320.94 | 2. AMOUNT OF COSTS $276.80 | 3. AMOUNT OF JUDGMENT, COSTS AND FEES (Add 1 and 2) $6597.74 |
| 4. TOTAL AMOUNT PAID (If any) $0.00 | 5. TOTAL AMOUNT UNPAID (Subtract 4 from 3) $6597.74 | 6. APPLICATION FEE FOR FINANCIAL INSTITUTION EXECUTION (If not waived by the court) $75.00 | |
| 7. OTHER COURT ORDERED POSTJUDGMENT COSTS AND FEES | | 8. TOTAL OF ITEMS 5, 6 AND 7 $6672.74 | |

IS THIS A JUDGMENT ARISING OUT OF SERVICES RENDERED AT A HOSPITAL?
[X] NO  [ ] YES
IF THIS IS A JUDGMENT ARISING OUT OF SERVICES RENDERED AT A HOSPITAL, HAS A STAY OF A FINANCIAL INSTITUTION EXECUTION BEEN ENTERED PURSUANT TO AN INSTALLMENT PAYMENT ORDER?  [ ] NO  [ ] YES
IF A STAY OF A FINANCIAL INSTITUTION EXECUTION HAS BEEN ENTERED, HAS THE JUDGMENT DEBTOR DEFAULTED ON AN INSTALLMENT PAYMENT ORDER?  [X] NO  [ ] YES (Specify): _____

SIGNED (Judgment Creditor or Attorney)    DATE SIGNED 10/20/09    TELEPHONE NO. 518 456-7200

**FINANCIAL INSTITUTION EXECUTION**

TO ANY PROPER OFFICER,
Whereas on said Date of Judgment the above-named Judgment Creditor(s) recovered judgment against the above-named Judgment Debtor(s) before the above-named court for the amount of judgment, costs and fees stated above, as appears of record, whereof execution remains to be done. These are, therefore, BY AUTHORITY OF THE STATE OF CONNECTICUT TO COMMAND YOU:
Within seven days from your receipt of this execution, make demand upon the main office of any financial institution having its main office within your county, or if such main office is not within your county and such financial institution has one or more branch offices within your county, upon an employee of such a branch office, such employee and such branch office having been designated by the financial institution in accordance with regulations adopted by the commissioner of banking, for payment to you pursuant to section 52-367b(b) of the general statutes of any nonexempt debt due said Judgment Debtor(s), which sum shall not exceed the total unpaid judgment, costs and fees as stated above, plus post judgment interest on the unpaid amount of said judgment from its date until the time when this execution shall be satisfied, plus the application fee and other court ordered postjudgment costs and fees and your own fee. After having made such demand you are directed to serve a true and attested copy of this execution, together with the attached affidavit and exemption claim form, with your doings endorsed thereon, with the financial institution officer upon whom such demand was made. Said sum shall be received by you and applied on this execution in accordance with the provisions of section 52-367b of the general statutes. If you have made an initial demand within the seven-day period, you may make additional demands on the main office of other financial institutions or employees of other branch offices as directed herein, provided any such additional demand is made not later than forty-five days from your receipt of this execution.

For Court Use Only

Judicial District of New Haven
SUPERIOR COURT
FILED
OCT 26 2009
CHIEF CLERK'S OFFICE

HEREOF FAIL NOT, AND MAKE DUE RETURN OF THIS WRIT WITH YOUR DOINGS THEREON, ACCORDING TO LAW.

SIGNED (Assistant Clerk)    DATE SIGNED

PAGE 1 OF 2    FINANCIAL INSTITUTION EXECUTION PROCEEDINGS

# EXHIBIT E

**SOLOMON**
**AND**
**SOLOMON**
**PC**

Attorneys at Law
*Mailing Address:* Columbia Circle, Box 15019, Albany, New York 12212-5019
*Located at:* Five Columbia Circle, Albany, New York 12203
Toll Free 1-800-233-7515  Fax: (518) 456-0651

Se Habla Español

November 4, 2009

ATTN: Craig Miller or Chris Skovinski

**Re:     Wage and Bank Execution Service Request(s)**

Dear Marshal:

Enclosed please find the original Wage and/or Bank Execution Applications, for each of the service request(s).

Would you kindly secure service upon the Banks and/or place of business, return appropriate findings of service to our office in the envelope provided.

Your immediate attention to this matter is greatly appreciated.  If you have any questions or if you need any additional information, please do not hesitate to contact our office at (518) 456-7200 ext 359.

Very truly yours,

SOLOMON AND SOLOMON, P.C.

*JULIE B. SOLOMON*

Julie B. Solomon

JBS:uih

Enclosures

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  This communication is from a debt collector.

*NOTE: The provisions of section 52-367b, as amended from time to time, take precedence over these instructions.*

## INSTRUCTIONS TO FINANCIAL INSTITUTION UPON RECEIPT OF A FINANCIAL INSTITUTION EXECUTION WHEN JUDGMENT DEBTOR IS A NATURAL PERSON

1.  If any funds are removed from the judgment debtor's account pursuant to subsection (c) of section 52-367b of the general statutes, complete section II of the accompanying Exemption Claim Form (JD-CV-24a) and send, forthwith, 2 copies of both this form and the Exemption Claim Form to the judgment debtor and to any secured party that is a party to a control agreement between you and such secured party under article 9 of title 42a of the general statutes, postage pre-paid, at the last known address of the judgment debtor and of any such secured party with respect to the affected accounts on the records of your institution.

2.  Remove from the judgment debtor's account the amount of any debts due from you to the judgment debtor not exceeding the Total Amount Unpaid as appears on page 1 of this form plus interest and the Application Fee for Financial Institution Execution and other court ordered postjudgment costs or fees and the serving officer's fee, before your midnight deadline, as defined in section 42a-4-104 of the general statutes. If electronic direct deposits that are readily identifiable as exempt federal veterans' benefits, social security benefits, including, but not limited to, retirement, survivors' and disability benefits, supplemental security income benefits or child support payments processed and received pursuant to Title IV-D of the Social Security Act were made to the judgment debtor's account during the thirty-day period preceding the date that the execution was served on you, you shall leave the lesser of the account balance or one thousand dollars in the judgment debtors' account; provided nothing in this subsection shall be construed to limit your right or obligation to remove such funds from the debtor's account if required by any other provision of law or by a court order. The judgment debtor shall have access to such funds left in the judgment debtor's account. You may notify the judgment creditor that funds have been left in the judgment debtor's account pursuant to this provision. Nothing herein shall alter the exempt status of funds which are exempt from execution under subsection (a) of section 52-367b of the general statutes or under any other provision of state or federal law, or the right of a judgment debtor to claim such exemption. Nothing herein shall be construed to affect any other rights or obligations of the financial institution with regard to the funds in the judgment debtor's account.

3.  You must hold the amount removed from the judgment debtor's account pursuant to this execution for fifteen days from the date you mail the copies of this form and the Exemption Claim Form to the judgment debtor and any secured party. During such fifteen day period you must not pay the officer serving this execution.

4.  If the judgment debtor returns the Exemption Claim Form or other written notice that an exemption is being claimed, and if any secured party delivers to you written notice of such secured party's claim of a prior perfected security interest in such deposit account, you must, within two business days of receipt of such notice, send a copy of such notice to the clerk of the court which issued the execution. You must continue to hold the amount removed from the judgment debtor's account for forty-five days or until a court order is received regarding disposition of the funds, whichever occurs earlier. If no order is received within forty-five days of the date you send a copy of the Exemption Claim Form or notice of exemption or a secured party claim notice to the clerk of the court, you must return the funds to the judgment debtor's account.

5.  If you do not receive a claim of exemption or secured party claim notice within fifteen days of the mailing to the judgment debtor and any secured party of the execution and Exemption Claim Form you must, upon demand, forthwith pay the serving officer the amount removed from the judgment debtor's account.

6.  If no exemption claim or secured party claim notice is filed or if the court orders you to pay the serving officer an amount removed from the judgment debtor's account not exceeding the amount due on the execution and you fail or refuse to do so, you shall be liable in an action therefor to the judgement creditor(s) named in the execution for the amount of nonexempt monies which you fail or refuse to pay over. If no exemption claim is filed or if the court orders you to pay the serving officer an amount removed from the judgment debtor's account not exceeding the amount due on the execution and you fail or refuse to do so, you shall be liable in an action therefor to the judgment creditor(s) name in the execution for the amount of nonexempt monies which you fail or refuse to pay over, excluding funds of up to one thousand dollars which you in good faith allowed the judgment debtor to access pursuant to subsection (c) of section 52-367b of the general statutes.

7.  If you pay exempt monies from the account of the judgment debtor contrary to these instructions, or the provisions of section 52-367b of the general statutes, you shall be liable in an action therefor to the judgment debtor for any exempt monies so paid. If you pay exempt monies from the account of the judgment debtor contrary to these instructions, or the provisions of section 52-367b of the general statutes, you shall be liable in an action therefor to the judgment debtor for any exempt monies so paid and you shall refund or waive any charges of fees by you, including, but not limited to, dishonored check fees, overdraft fees or minimum balance service charges and legal process fees, which were assessed as a result of such payment of exempt monies.